# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-94-CJW-MAR |
| Plaintiff, | |
| vs. | **ORDER** |
| CORDELL MALEEC MAYFIELD, | |
| Defendant. | |

## I. INTRODUCTION AND BACKGROUND

This matter is before the Court on a Report and Recommendation ("R&R") (Doc. 138) by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny defendant's pro se "Request for Prosecution to Send *Brady* Materials Affidavit for Search Warrant 30 day Dismissal Due to *Brady* Violations," filed on May 5, 2025, which the Clerk of Court docketed as a motion to dismiss based on the relief defendant requested. (Doc. 94). The government filed a resistance. (Doc. 99). Defendant filed a pro se reply. (Doc. 101).

On October 23, 2024, defendant was charged by a criminal complaint with one count of Possession of a Firearm by a Felon in violation of Title 18, United States Code, Section 922(g)(1). (Doc. 2). On November 5, 2024, the grand jury returned an Indictment charging defendant with that same offense[1] as well as one count of Possession of a Firearm with an Obliterated or Altered Serial Number in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B). (Doc. 14).

---

[1] Count One of the Indictment alleges defendant violated Section 922(g)(1) along with the corresponding penalty provision of Section 924(a)(8). (Doc. 14).

On April 24, 2025, defendant filed a pro se "Request to Remove Discovery Protective Order." (Doc. 85). On May 15, 2025, Judge Roberts held a combined hearing on that motion and the instant motion to dismiss. (Doc. 111). After the hearing, Judge Roberts granted in part defendant's Request to Remove Discovery Protective Order and denied the remainder as moot. (Doc. 113). As for the motion to dismiss, at the hearing, defendant indicated he believed he was entitled to a *Franks* hearing and sought to suppress evidence based on a warrant he received after the deadline to submit pretrial motions had already passed. (*Id.*). Judge Roberts therefore set deadlines for the parties to brief the *Franks* issue. (*Id.*). Defendant timely filed his brief on May 28, 2025, (Doc. 121), and the government timely filed a resistance brief on May 29, 2025, (Doc. 123-1).

On June 11, 2025, Judge Roberts issued his R&R, (Doc. 138), recommending the Court deny defendant's motion to dismiss (Doc. 94).

## II.     ANALYSIS

When parties do not object to a magistrate judge's report and recommendation, the Court reviews the report and recommendation for clear error. *See* 28 U.S.C. § 636(b)(1); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review a report and recommendation under a more exacting standard even if no objections are filed. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

In this case, the parties filed no objections, and it appears to the Court upon review that Judge Roberts' findings and conclusions are not clearly erroneous. Therefore, the

Court **adopts** Judge Roberts' R&R, (Doc. 138), and **denies** defendant's motion to dismiss (Doc. 94).

    **IT IS SO ORDERED** this 30th day of June, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa